UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| **RODGER JENKINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CASE NO. 4:25-cv-00025-TWP-KMB |
| | ) |
| **ESTES WASTE SOLUTIONS, LLC,** | ) |
| **and ESTES EXCAVATING INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Rodger Jenkins ("Jenkins" or "Plaintiff"), by counsel, brings this action against Defendants, Estes Waste Solutions, LLC and Estes Excavating Inc. ("Defendants") for violating the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. § 12101 *et. seq.*, and Indiana's common law claim for workers compensation retaliation (i.e. a *Frampton* claim).

### II. PARTIES

2. Jenkins is a resident of Floyd County, Indiana, who, at all times relevant to this action, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendants maintain offices and routinely conduct business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 28 U.S.C. § 1367; and 42 U.S.C.§ 12117.

5. Jurisdiction is conferred on Jenkins' state law claims pursuant to 28 U.S.C. §1367 because his state law claims arise from the same common nucleus of operative facts as his federal law claims, and all of his claims form a single case and controversy under Article III of the United States Constitution.

6. Defendants are "employers" as that term is defined by 42 U.S.C. §12111(5).

7. Jenkins was an "employee," as that term is defined by 42 U.S.C.§12111(4).

8. Jenkins is an individual with a "disability," as that term is defined under 42 U.S.C.§ 12102. Defendants were aware of Jenkins' disability and/or regarded him as a disabled individual.

9. Jenkins satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination (Charge No. 470-2024-05873) with the U.S. Equal Employment Opportunity Commission ("EEOC") against the Defendants alleging discrimination based on his disability and retaliation for engaging in protected activity. Jenkins received his Notice of Suit Rights and timely files this action.

10. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

11. Jenkins, who is a veteran, was hired by the Defendants, joint employers, on or about March 16, 2020, and worked as a Roll-Off Driver.

12. At all relevant times, Jenkins met or exceeded Defendants' legitimate performance expectations. As part of his job duties, Jenkins received instruction from both Larry Fulkerson and Norman Estes, President of Defendant, Estes Excavating. For example, Estes would instruct Jenkins to deliver roll-off dumpsters to excavating sites where Defendant Estes Excavating had other employees performing work. Further, upon information and belief, both employers operate in the same building and have common owners.

13. Jenkins is disabled as Defined by the ADA and/or Defendants regarded Jenkins as being disabled. The Defendants were aware of Jenkins' disability, and Jenkins could perform the essential functions of his position with or without reasonable accommodation.

14. On or about February 24, 2023, Jenkins was involved in an accident while working for Defendants, for which he filed a claim for worker's compensation. Jenkins subsequently had to undergo physical therapy for a period of time. Further, following the accident, Jenkins dealt with a disabling condition related to the accident which affected his major life activities.

15. Following his accident, Defendants' owners repeatedly called Jenkins "slow." When a new manager, Pam Grimes ("Grimes"), began, she was critical of Jenkins' job performance and regularly belittled and yelled at him. This exacerbated

Jenkins' disability. Further, Grimes' husband, Joe Grimes, routinely made offensive comments referencing Jenkins' disability.

16. Jenkins reported the comments made by the Grimes' to the manager, but no corrective action was taken. The following day, on July 2, 2024, Jenkins met with the General Manager, George Bowles, and Larry Fulkerson, regarding his complaints. That same evening, Jenkins was informed he was being terminated. The stated reason for the termination is pretext for discrimination based on Jenkins' disability and/or in retaliation for having complained of discriminatory treatment. Similarly situated non-disabled individuals who have not engaged in protected activity have been treated more favorably.

## V. CAUSES OF ACTION.

### COUNT I: ADA- DISABILITY DISCRIMINATION

17. Jenkins hereby incorporates paragraphs one (1) through sixteen (16) of his Complaint as if the same were set forth at length herein.

18. Jenkins is a qualified individual with a real or perceived disability as understood by the ADA.

19. Defendants subjected Jenkins to harassment and disparate standards and treatment due to his disability and terminated his employment.

20. Defendants' actions were intentional, willful, and taken in reckless disregard of Jenkins' rights as protected by the ADA.

21. Jenkins has suffered damages as a result of Defendants' unlawful actions.

### COUNT II: ADA – DISABILITY RETALIATION

22. Jenkins hereby incorporates paragraphs one (1) through twenty-one (21) of his Complaint as if the same were set forth at length herein.

23. Jenkins engaged in a protected activity when he complained of disparate treatment and less favorable terms and conditions of employment between himself and others outside of his protected class

24. Defendants retaliated against Jenkins for engaging in protected activity by terminating his employment.

25. Defendants' actions were intentional, willful, and taken in reckless disregard of Jenkins' rights as protected by the ADA.

26. Jenkins has suffered damages as a result of Defendants' unlawful actions.

### COUNT III: VIOLATION OF INDIANA COMMON LAW

27. Jenkins hereby incorporates paragraphs one (1) through twenty-six (26) of his Complaint as if the same were set forth at length herein.

28. Defendants unlawfully retaliated against Jenkins for filing and receiving worker's compensation benefits by terminating his employment.

29. Defendants' actions were intentional, willful, and in reckless disregard of Jenkins' rights.

30. Jenkins has suffered damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Rodger Jenkins, respectfully requests that this court enter judgment in his favor and award him the following relief:

1. Permanently enjoin Defendants from engaging in any employment policy or practice that discriminates against an employee based on their disability and/or retaliates against any employee after engaging in a protected activity;

2. Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendants' unlawful employment actions, or award him front pay in lieu thereof;

3. Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendants' unlawful actions;

4. Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendants' unlawful actions;

5. Award Plaintiff compensatory damages for Defendant's violations of the ADA;

6. Award Plaintiff punitive damages for Defendant's violations of the ADA;

7. Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

8. Award Plaintiff pre-and post-judgment interest on all sums recoverable; and

9. Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Lauren Berger*
Lauren Berger, Atty No. 29826-19
Kyle Biesecker, Atty No. 24095-49
441 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: lberger@bdlegal.com
kfb@bdlegal.com

*Attorneys for Plaintiff, Rodger Jenkins*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Rodger Jenkins, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Lauren Berger*
Lauren Berger, Atty No. 29826-19
Kyle Biesecker, Atty No. 24095-49
441 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: lberger@bdlegal.com
Kfb@bdlegal.com

*Attorneys for Plaintiff, Rodger Jenkins*

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2025, a copy of the foregoing *Plaintiff's Amended Complaint and Demand for Jury Trial* was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.

By: */s/ Lauren E. Berger*
      Lauren E. Berger